UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ███████████████, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT 1, <br><br> Defendants. | Civil Action No. 4:24-cv-634-SDJ |

### EX PARTE TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

Plaintiff, ███████████████., having filed its complaint for Copyright Infringement, and having moved *ex parte* for a Temporary Restraining Order and other relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the Court having considered the complaint, declarations, exhibits, and memorandum of law filed in support, finds as follows:

1. This Court has subject matter jurisdiction over the subject matter of this case;

2. This Court has good cause to believe the Court will have jurisdiction over the parties;

3. There is good cause to believe that the Defendants identified in Exhibit 1 of the Complaint, have engaged in, and are likely to continue to engage in, acts and practices that violate Plaintiff's copyrights.

4. Plaintiff has shown a substantial likelihood of success on the merits; that it is likely to suffer irreparable harm if this order is not granted; that the probable harm to the Plaintiff, if relief is not granted, outweighs the likely hardship that may result to the Defendants from this order; and that this order is not adverse to the public interest.

1

5. There is good cause to believe that immediate and irreparable injury will occur to the Plaintiff from the sale, transfer, or other disposition or concealment by Defendants of their assets and business records unless Defendants are immediately restrained and enjoined by order of this Court without notice.

6. There is good cause for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b).

7. Exercising its discretion pursuant to *Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302–03 (5th Cir. 1978), this Court finds that Plaintiff's proper security amount required under Fed. R. Civ. P. 65 is **$0**.

**It is therefore Ordered:**

**1.** Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be temporarily enjoined and restrained from:

  a. using, reproducing, displaying, or enabling others to use, reproduce, or display Plaintiff's copyright-protected images which appear in Exhibit 4 of Plaintiff's Original Complaint, and which are protected by U.S. Copyright Office as Reg. Nos. ███████████████████████████████████████ ███████████████ (collectively, the "Plaintiff Copyrights");

  b. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, Bonanza, DHGate, eBay, Joybuy, Shopify, Walmart, Alipay, PayPal, Stripe, Payoneer, WorldFirst, and Western Union;

    c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of the Plaintiff Copyrights; and

    d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

**2.** Each Defendant, within 14 days after receiving notice of this Order, shall serve on Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) all of their associated financial accounts, **including but not limited to** all Alibaba, AliExpress, Amazon, Bonanza, DHGate, eBay, Joybuy, Shopify, Walmart, Alipay, PayPal, Stripe, Payoneer, WorldFirst, Western Union, etc. accounts; (d) the quantity of products that they have sold using the Plaintiff Copyrights ("Products"); (e) the location to where each Product was shipped; and (f) the steps taken by each Defendant to comply with paragraphs 1(a)–(d) above.

 **3.** Plaintiff may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties:

    a. Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; and

    b. any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Alibaba, AliExpress, Amazon, Bonanza, DHGate, eBay, Joybuy, Shopify, Walmart, Alipay, PayPal, Stripe, Payoneer, WorldFirst, Western Union, etc. or other merchant account provider, payment provider, third party processor, credit card association (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants' behalf, as well as any third party service

providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants (all of the foregoing under 3(b), collectively, "Third Party Providers"). The Third Party Providers are ordered to, within 3 business days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

i. The identities and email addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations;

ii. the identities of Defendants' operations, including without limitation, identifying information associated with the Defendants' financial accounts, and the websites and webstores where Defendants use and have used the Plaintiff Copyrights (the "Infringing Webstores");

iii. the nature of Defendants' operations and all associated sales, methods of payment, for services and financial information, including, without limitation, identifying information associated with the Infringing Webstores and Defendants' financial accounts;

iv. a full and detailed accounting of Defendants' sales and listing history related to the Infringing Webstores;

v. a separate full accounting of Defendants' sales and listing history related to the sale of Products using the Plaintiff Copyrights (including, without limitation, the

      quantity of Products sold and the physical addresses to which the Products were shipped);

   vi. the identity of Defendants' Infringing Webstores, websites, and any domain name registered by Defendants; and

   vii. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors, or other financial institutions, including without limitation, Alibaba, AliExpress, Amazon, Bonanza, DHGate, eBay, Joybuy, Shopify, Walmart, Alipay, PayPal, Stripe, Payoneer, WorldFirst, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (i.e., MasterCard and VISA).

**4.** Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, or other assets of Defendants until further ordered by this Court.

**5.** All Third-Party Providers and their affiliates are ordered to, within 2 business days of receipt of this Order, locate all accounts and funds connected to the Defendants identified in Exhibit 1 of Plaintiff's Original Complaint, and block all money transfers and funds from being transferred by such Defendants until further ordered by this Court.

**6.** This Order shall apply to the Infringing Webstores, websites, and any other domain names properly brought to this Court's attention and verified by sworn declaration that verifies such new

webstores or domain names are being used by Defendants for the purpose of infringing the Plaintiff Copyrights.

7. Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served on the attorneys for Plaintiff by delivering copies thereof to the offices of Scale LLP, 5473 Blair Road, Suite 100, Dallas, Texas 75231, no less than 2 days in advance of the hearing to show cause, with any reply by Plaintiff to be filed and served at the hearing.

This Temporary Restraining Order without notice is entered at _____ on this _____ day of _____, 2024 and shall remain in effect for 14 days unless, before expiration of 14 days, Plaintiff moves for an extension and demonstrates good cause.