UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ███████████████ <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT 1, <br><br> Defendants. | Civil Action No. 4:24-cv-634-SDJ |

# PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE OF PROCESS

## **TABLE OF AUTHORITIES**

**Cases**

*Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369,
2014 WL 11342502 (W.D. Tex. 2014) ............................................................................7, 11, 12

*BVE Brands, LLC v. Does 1-82*, No. 20-00505 (W.D. Tex. 2020) .........................................10, 11

*Chanel, Inc. v. Zhong Zhibing*, No. 2:09-CV-02835-CGC, 2010 WL 1009981
(W.D. Tenn. 2010) .........................................................................................................................12

*Collins v. Doe*, No. CIV.A. H-10-2882, 2010 WL 4954727 (S.D. Tex. 2010) ........................12, 14

*Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-337-S-BN, 2018 WL 5722670
(N.D. Tex. 2018) ...........................................................................................................................13

*Davis v. Angelina Coll. Bd. of Trs.*, No. 9:17-CV-179, 2017 U.S. Dist. LEXIS 188249
(E.D. Tex. 2017) .............................................................................................................................6

*Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752
(N.D. Cal. 2012) ...........................................................................................................................14

*FKA Distrib. Co., LLC v. Yisi Tech. Co.*, No. 17-CV-10226, 2017 WL 4129538
(E.D. Mich. 2017) .........................................................................................................................12

*Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241 (N.D. Tex. 2011) .....7

*In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. 2008) ............8

*James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*,
No. SA-16-CV-00463-OLG, 2018 WL 4688778 (W.D. Tex. 2018) ............................................12

*Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT,
2012 WL 122862 (D. Colo. 2012) ................................................................................................12

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ................................................8

*Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, No. CIV.A. H-06-2683,
2007 WL 2964817 (S.D. Tex. 2007) ..............................................................................................8

*Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) .........................7, 13

*Natty Paint LLC v. Individuals*, No. 1:22-cv-1193, 2023 U.S. Dist. LEXIS 93720
(W.D. Tex. 2023) ..........................................................................................................................12

*Popular Enterprises, LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004) ...7, 12

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ........................7, 8, 9, 12

*RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238-JRG, 2012 WL 194388 (E.D. Tex. 2012) ........8

*Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469
(S.D. Tex. 2013) ...........................................................................................................................14

*Spencer v. City of Cibolo, Texas*, No. SA-20-CV-00350-JKP, 2020 WL 2043980
(W.D. Tex. 2020) ..........................................................................................................................14

*United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654 (5th Cir. 2014)..................................................................................12, 13

*VeroBlue Farms USA, Inc. v. Wulf*, No. 3:19-CV-00764-X, 2020 WL 2132677 (N.D. Tex. 2020)..............................................................................................................................14

*Viahart, LLC v. Does 1-54,.* No. 6:18-CV-604-RWS-KNM, 2021 WL 777083 (E.D. Tex. 2021), *report and recommendation adopted*, No. 6:18-CV-604-RWS-KNM, 2021 WL 765216 (E.D. Tex. 2021).............................................................................7, 8, 9, 13

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. 2022)....................10, 11

## **Conventions & Treaties**

Art. 1, 20 U.S.T. 361, 1969 WL 97765 (Feb. 10, 1969).................................................................12

## **Statutes**

Fed. R. Civ. P. 4(e)(1)..............................................................................................................13, 14

Fed. R. Civ. P. 4(f)(3)...............................................................................................4, 5, 7, 8, 9, 11, 12, 13

Tex. R. Civ. P. 106(b)(2).........................................................................................................13, 14

**MOTION**

Plaintiff ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. moves this Court, on an *ex parte* basis,[1] for an order authorizing alternate service of process on Defendants—the Individuals, Business Entities, and Unincorporated Associations identified on Exhibit 1 to Plaintiff's Original Complaint ("Defendants") pursuant to Federal Rule of Civil Procedure 4(f)(3).

**MEMORANDUM OF LAW**

### I. Introduction

As stated in Plaintiff's TRO Motion, the Defendants are using the Plaintiff Copyrights[2] in connection with the promotion and sale of products on the Infringing Webstores,[3] and the products are being offered for sale to U.S. and Texas residents.[4] Given the online, largely-anonymous nature of Defendants' commercial activities, Defendants are easily able to conspire to provide fictitious addresses and names on online storefronts in efforts to conceal their identities and avoid legal liability. When the Defendants make a sale on an online Marketplace,[5] the Marketplace transmits the sale proceeds to them through a seller's account processing system (PayPal, Stripe, etc.). Although many of the foreign Defendants provide fictitious names or addresses, or both, to the Marketplaces to conceal their identities, the Defendants *do* provide these Marketplaces with working email addresses to create accounts through which they sell infringing merchandise and receive profits from sales of counterfeit goods.[6] The Defendants will therefore receive emails at

---

[1] Plaintiff filed its *Ex Parte* Motion for Entry of Temporary Restraining Order, Expedited Discovery, and Asset Restraining Order (the "TRO Motion"), which is currently pending before the Court. This Motion makes reference to Plaintiff's TRO Motion, and as such, Plaintiff seeks to prevent premature disclosure of that filing. However, Plaintiff is filing this Motion so that, in the event this Motion is granted, Plaintiff can effectuate service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure simultaneously with providing notice of the Court's Orders.
[2] "Plaintiff Copyrights" refers to the copyrighted materials identified in Exhibits 3 and 4 of Plaintiff's Complaint.
[3] "Infringing Webstores" refers to the interactive commercial webstores Defendants use to market and sell the Infringing Products.
[4] *See* Exhibit 1 to Plaintiff's TRO Motion, ¶¶ 10-11.
[5] "Marketplace" refers to e-commerce platforms like Alibaba, AliExpress, Amazon, Bonanza, DHGate, eBay, Joybuy, Shopify, and Walmart.
[6] *See* Exhibit 1 to Plaintiff's TRO Motion, ¶ 14.

the address(es) they provide to their online Marketplace(s)—this is why courts regularly authorize alternative service by email to foreign counterfeiters, and is why this Court should authorize alternative service in this matter. Although Plaintiff has been unable to ascertain the Defendants' email addresses to-date because Defendants keep this information private, Plaintiff will promptly serve the Defendants via email if its TRO Motion is granted so that the Defendants will be noticed of these proceedings.

Plaintiff therefore respectfully requests an order, pursuant to Federal Rule of Civil Procedure 4(f)(3), authorizing service of process on Defendants via electronic mail ("email"). Alternative service by email is appropriate and necessary in this case because Defendants (1) operate via the Internet; and (2) rely on electronic communications to operate their businesses. As such, Plaintiff can contact Defendants directly and provide notice of Plaintiff's claims against them electronically via email. Plaintiff respectfully submits that an order allowing service of process and service of all filings and discovery via email in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by email, Plaintiff will almost certainly be left without the ability to pursue any remedy.

## II.  Arguments & Authorities

The Court should allow service of process and other papers by email to the email addresses associated with each Defendant's Infringing Webstore, or any known or discovered emails related to the Infringing Webstores listed in Exhibit 1 of Complaint, as such notice via email is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

### A. Plaintiff is Entitled to *Ex Parte* Relief

*Ex parte* relief is proper in this Motion, for such will prevent Defendants from prematurely receiving notice of Plaintiff's investigation into the operation of their illegal businesses. In light of the illicit nature of infringement and the ability of infringers to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, Plaintiff has good reason to believe that providing advance notice of this Motion would cause Defendants to hide or transfer their wrongfully-obtained assets, inventory, and related records beyond the jurisdiction of this Court and thereby thwart the Court's ability to grant meaningful relief.[7] As Defendants engage in illegal, widespread copyright infringement, Plaintiff has no reason to believe Defendants will make their assets available for, or will adhere to, the authority of this Court any more than they have adhered to federal law. Simply put, Plaintiff will be unable to recover in this action if the Defendants are noticed in advance of an order on this Motion, for such notice would effectively "render fruitless further prosecution of the action." *See Davis v. Angelina Coll. Bd. of Trs.,* No. 9:17-CV-179, 2017 U.S. Dist. LEXIS 188249, at *3 (E.D. Tex. 2017).[8] Thus, Plaintiff should not be required to give Defendants notice of this Motion because doing so would cause further irreparable harm to Plaintiff. There are no more effective and appropriate, and less drastic means for protecting Plaintiff's interests, and the relief Plaintiff seeks in this Motion is therefore properly sought *ex parte*.

### B. Any Foreign Defendants Can Be Served Via Email Pursuant to Federal Rule of Civil Procedure 4(f)(3)

Service of process via email on the foreign Defendants[9] is proper pursuant to Federal Rule

---

[7] *See* Exhibit 2 to Plaintiff's TRO Motion, ¶¶ 5-8.
[8] *See also* Exhibit 2 to Plaintiff's TRO Motion, ¶ 7.
[9] For the avoidance of doubt, on information and belief, Plaintiff believes the information obtained through discovery will show that each Defendant in this action resides outside the United States.

of Civil Procedure 4(f), which governs service of process on individuals in foreign countries. In addition to prescribing traditional means of service, Rule 4(f) permits service by "other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). Although service by "other means" under Rule 4(f)(3) is considered alternative service, "Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under [Rule 4(f)(1) and Rule 4(f)(2)]." *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. 2011). Said another way, "[s]ervice pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. 2022) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)). "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. 2014) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Rule 4(f)(3) is "expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases . . . [which] necessarily includes the utilization of modern communication technologies . . . ." *Popular Enterprises, LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004). A plaintiff, therefore, need not attempt service in compliance with internationally agreed means of service, such as the Hague Convention, when a district court authorizes service pursuant to Fed. R. Civ. P. 4(f)(3). *Viahart*, 2022 WL 445161, at *3.

Courts have broad discretion in ordering service under Rule 4(f)(3) so long as the service comports with constitutional notions of due process. *Rio Properties, Inc.*, 284 F.3d at 1016. To

meet this requirement, the method of service ordered by the district court must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *RPost Holdings, Inc. v. Kagan*, No. 2:11-CV-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. 2012) *(citing Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 312 (1950) (internal quotation marks omitted)); *see also Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, No. CIV.A. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. 2007) (recognizing that service by email is appropriate under Rule 4(f) of the Federal Rules of Civil Procedure if the court finds that such would be reasonably calculated to apprise the defendant of the pendency of the lawsuit); *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. 2008) (authorizing alternative service because "plaintiffs have shown the difficulty of serving the unserved defendants located abroad" in China).

  **i. Service By Email Is Constitutional Because It Is "Reasonably Calculated" To Provide Defendants with Notice Of The Action.**

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc.*, 284 F.3d at 1017. "In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Id*. The *Rio Properties* court further held "without hesitation," that email service of an online business defendant "was constitutionally acceptable[,]" in part, because the defendant conducted its business over the Internet, used email regularly in its business, and encouraged parties to contact it via email. *Rio Properties, Inc.*, 284 F.3d at 1017.

By selling and marketing the Infringing Products online and utilizing the services of the online e-commerce sites, Defendants have embraced communication via email. Valid email addresses must be established and verified by the e-commerce sites before Defendants are able to

list their products.[10] Accordingly, email is a means reasonably calculated to apprise Defendants of the pendency of this lawsuit. Given the nature of Defendants' online businesses, which require an understanding of and proficiency in online communication, service via email is more efficient, accessible, and preferred than service of paper copies of pleadings.

Plaintiffs are furthermore not required to attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Viahart*, 2022 WL 445161, at *3; *see also Rio Properties, Inc.*, 284 F.3d at 1014-1015. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Rio Properties, Inc.*, 284 F.3d at 1014. On the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id*. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id*. Given that each Defendant is a party to this lawsuit because it does business through e-commerce sites that utilize email for communication, service via email is reasonably calculated to apprise Defendants of the pendency of this action and afford them an opportunity to present their objections. "[T]he Constitution requires nothing more." *Id.*, 284 F.3d at 1018. As such, this Court may allow Plaintiff to serve Defendants via email.

The facts in this case are closely similar to those in *Viahart, LLC v. Does 1-54*,. No. 6:18-CV-604-RWS-KNM, 2021 WL 777083, at *1 (E.D. Tex. Jan. 29, 2021), *report and recommendation adopted*, No. 6:18-CV-604-RWS-KNM, 2021 WL 765216 (E.D. Tex. Feb. 26, 2021). In *Viahart*, foreign persons and entities were selling infringing versions of plaintiff's products via various online e-commerce sites such as Alibaba, AliExpress, Amazon, eBay, and

---

[10] *See* Exhibit 1 to Plaintiff's TRO Motion, ¶ 14.

list their products.[10] Accordingly, email is a means reasonably calculated to apprise Defendants of the pendency of this lawsuit. Given the nature of Defendants' online businesses, which require an understanding of and proficiency in online communication, service via email is more efficient, accessible, and preferred than service of paper copies of pleadings.

Plaintiffs are furthermore not required to attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Viahart*, 2022 WL 445161, at *3; *see also Rio Properties, Inc.*, 284 F.3d at 1014-1015. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Rio Properties, Inc.*, 284 F.3d at 1014. On the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id*. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id*. Given that each Defendant is a party to this lawsuit because it does business through e-commerce sites that utilize email for communication, service via email is reasonably calculated to apprise Defendants of the pendency of this action and afford them an opportunity to present their objections. "[T]he Constitution requires nothing more." *Id.*, 284 F.3d at 1018. As such, this Court may allow Plaintiff to serve Defendants via email.

The facts in this case are closely similar to those in *Viahart, LLC v. Does 1-54*,. No. 6:18-CV-604-RWS-KNM, 2021 WL 777083, at *1 (E.D. Tex. Jan. 29, 2021), *report and recommendation adopted*, No. 6:18-CV-604-RWS-KNM, 2021 WL 765216 (E.D. Tex. Feb. 26, 2021). In *Viahart*, foreign persons and entities were selling infringing versions of plaintiff's products via various online e-commerce sites such as Alibaba, AliExpress, Amazon, eBay, and

---

[10] *See* Exhibit 1 to Plaintiff's TRO Motion, ¶ 14.

Wish. Exhibit 1, pg. 1. Because the defendant businesses operated online through third-party marketplaces, the plaintiff was not able to ascertain an accurate physical location for any defendant to perfect in-person service of process. *Id*. The *Viahart* court held that because the defendants' addresses were unknown, and because the Hague Convention was not applicable, "service pursuant to Rule 4(f) [was] proper" and alternative service by the email addresses used to communicate with the various e-commerce platforms was "reasonably calculated to notify all foreign Defendants of th[e] suit." *Id*. at 7-8.

This case is also similar to *BVE Brands, LLC v. Does 1-82*, No. 20-00505 (W.D. Tex. May 11, 2020). In *BVE Brands*, an infringing version of plaintiff's product was being sold by foreign sellers via online marketplaces. Exhibit 2, pg. 2. The plaintiff was unable to verify the addresses for "nearly all" of the defendants because the addresses available to the plaintiff were false. Exhibit 2, pg. 2. The court held that "alternative service by email" was "permissible under the Hague Convention, Rule 4(f), and the requirements of due process" because the plaintiff had been unsuccessful in discovering the defendants' true addresses, and because the plaintiff established that the defendants "must use email to 'communicate with consumers' and 'maintain contact' with ecommerce platforms and 'must provide electronic mail addresses for their payment accounts to accept payments[.]" *Id*. at 15. Accordingly, the *BVE Brands* court authorized alternative service of process via email on the 84 unnamed Defendants. *Id*. at 21.

Like the plaintiffs in *Viahart* and in *BVE Brands*, Plaintiff has not been able to obtain physical addresses for Defendants to effect traditional service because Defendants, on information and belief (1) have not provided names and physical addresses in the public contact information to their respective Infringing Webstores[11] and (2) rely primarily on electronic communications to

---

[11] *See* Exhibit 1 to Plaintiff's TRO Motion, ¶ 13.

communicate with customers,[12] demonstrating the reliability of this method of communication by which Defendants may be apprised of this action. Plaintiff respectfully submits that an order allowing service of process via email in this case will benefit all parties and the Court by ensuring that Defendants receive immediate notice of the pendency of this action, thus allowing this action to move forward expeditiously. It is necessary for merchants who operate entirely online to maintain contact with the Webstore host to ensure they are functioning and to communicate with customers electronically.[13] As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Absent the ability to serve Defendants via email, Plaintiff will almost certainly be left without the ability to recover. This Court should thus allow Plaintiff to serve Defendants via email, which is the option most likely to reach Defendants. Such would not only follow precedent, but would also comply with the Federal Rules of Civil Procedure and the requirements of due process.

    ii.    **Service By Email Is "Not Prohibited by International Agreement"**

The Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Affinity Labs*, 2014 WL 11342502, at *1 (emphasis in original) (citing *Rio Properties, Inc.*, 284 F.3d at 1014). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Affinity Labs*, 2014 WL 11342502, at *1

Service of Defendants via email is not prohibited by international agreement, and the Hague Service Convention does not apply to service on Defendants—Article 1 of the Hague

---

[12] *See* Exhibit 1 to Plaintiff's TRO Motion, ¶ 14.
[13] *See Id.*

11

Convention provides, in part: "This Convention shall not apply where the address of the person to be served with the document is not known." Art. 1, 20 U.S.T. 361, 1969 WL 97765, at *1 (Feb. 10, 1969). Many courts have upheld this notion and ruled that the Hague Convention does not apply where a defendant's foreign physical address is unknown.[14] Article 10 of the Hague Convention preserves the ability of parties to effect service through, specifically, postal channels and judicial officers, as long as the recipient-nation has not objected to these means of service. In signing the Convention, China expressly rejected service through the means enumerated in Article 10—service through postal channels and through judicial officers—yet China has not objected to service by electronic means. In short, an objection to Article 10 is not an objection to service via email. Defendants are, on information and belief, residents of China who have not provided their actual addresses in connection with the Infringing Webstores—Defendants' addresses are therefore unknown to Plaintiff.[15] Accordingly, the Hague Convention does not apply, and service by email is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

Because email service is not prohibited by international agreement, district courts are free to exercise broad discretion under Rule 4(f)(3) to order email service on foreign online defendants.

---

[14] *See, e.g., United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 659 (5th Cir. 2014) (defendant's address is unknown and that the Hague Convention does not apply); *Natty Paint LLC v. Individuals*, No. 1:22-cv-1193, 2023 U.S. Dist. LEXIS 93720, at *2 (W.D. Tex. 2023) ("Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as email"); *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *4 (W.D. Tex. 2018) (the Hague Convention does not apply "where the address of the person to be served with the document is not known"); *Collins v. Doe*, No. CIV.A. H-10-2882, 2010 WL 4954727, at *1 (S.D. Tex. 2010) (email service was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *FKA Distrib. Co., LLC v. Yisi Tech. Co.*, No. 17-CV-10226, 2017 WL 4129538, at *1 (E.D. Mich. 2017) (the Hague Convention allows service by email); *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT, 2012 WL 122862, at *3 (D. Colo. 2012) (the Hague Convention did not apply to defendant who lived in China and whose address was unknown); *Chanel, Inc. v. Zhong Zhibing*, No. 2:09-CV-02835-CGC, 2010 WL 1009981, at *3-4 (W.D. Tenn. 2010) (the Hague Convention does not apply and that email service on a defendant who ran an infringing online business "not only meets constitutional standards, but also is the method of service most likely to reach Defendant"); *Popular Enterprises, LLC*, 225 F.R.D. at 562 (while "communication via email and over the internet is comparatively new, such communication has been zealously embraced within the business community[;]" and email service was permitted).

[15] *See* Exhibit 1 to Plaintiff's TRO Motion, ¶ 14.

As the Fifth Circuit has continuously maintained, the Hague Convention "does not displace [subsection] 4(f)(3)." *Viahart*, 2022 WL 445161, at *3; *see also Nagravision* SA, 882 F.3d at 498; *United States v. Real Prop.*, 773 F.3d at 659. Plaintiff thus respectfully requests that this Court authorize alternative service of process on Defendants by email.

**C. Any Domestic Defendants Can Be Served Via Email Pursuant to Federal Rule 4(e)(1) and Texas Rule 106(b)(2).**

To the extent that any Defendant resides in the United States, service by email can be authorized under Rule 4(e)(1) and Texas Rule of Civil Procedure 106(b)(2). Federal Rule 4(e) provides that, "[u]nless federal law provides otherwise, an individual . . . may be served . . . by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). In turn, Texas Rule 106(b) provides that the court may authorize service "in any other manner that the affidavit *or other evidence before the court* shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2) (emphasis added).[16]

Texas courts have routinely granted motions for alternative service via email pursuant to Federal Rule 4(e)(1) and Texas Rule 106(b)(2).[17] From a constitutional standpoint, email service on any domestic Defendants is analogous to email service on the foreign Defendants because service by email is reasonably calculated to give any domestic Defendants actual notice of the lawsuit. *See Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. 2012) (concluding that service by email is "reasonably calculated to give actual notice"

---

[16] The supporting affidavit must state "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and specific facts showing that traditional service under Rule 106(a) has been unsuccessfully attempted "at the location named in such affidavit[.]" *Cunningham v. Nationwide Sec. Sols., Inc*., No. 3:17-CV-337-S-BN, 2018 WL 5722670, at *3 (N.D. Tex. 2018).

[17] *See generally VeroBlue Farms USA, Inc. v. Wulf*, No. 3:19-CV-00764-X, 2020 WL 2132677, at *1-2 (N.D. Tex. 2020); *Spencer v. City of Cibolo, Texas*, No. SA-20-CV-00350-JKP, 2020 WL 2043980, at *2 (W.D. Tex. 2020); *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *3 (S.D. Tex. 2013); *Collins*, 2010 WL 4954727, at *1.

to the domestic defendants because they, along with the foreign defendants, "are all engaged in internet-based commercial activities and rely on email as a means of communication"). Because email is the method of service most likely to reach Defendants, email service will apprise any domestic Defendants of this action and give them the opportunity to be heard.

Plaintiff will thus endeavor to serve any of the Defendants in this action at any domestic address(es) that may be learned through discovery. However, as discussed throughout this proceeding, Plaintiff anticipates that every Defendant in this action resides in a foreign jurisdiction. Nonetheless, for the foregoing reasons, Plaintiff respectfully requests that this Court authorize alternative service of process by email on any domestic Defendants pursuant to Federal Rule 4(e)(1) and Texas Rule 106(b)(2) should Plaintiff be unable to successfully effectuate service at any United States-based addresses learned through discovery.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court grant the present Motion and authorize service of the Summonses, the Complaint, and all filings and discovery in this matter upon each Defendant in this action via email to (a) the email addresses provided for Defendants by third parties hosting their webstores (such as Alibaba, AliExpress, Amazon, Bonanza, DHGate, eBay, Joybuy, Shopify, Walmart, *et al.*); and to (b) any attorneys or representatives who may appear on behalf of Defendants.

Dated: July 11, 2024                                Respectfully submitted,

**Scale LLP**

By: */s/ Charles A. Wallace*
Charles A. Wallace
Texas Bar No. 24110501
James H. Creedon
Texas Bar No. 24092299
5473 Blair Road, Suite 100
Dallas, Texas 75231
Tel.     415.735.5933
Fax     415.573.0983
cwallace@scalefirm.com
jcreedon@scalefirm.com

ATTORNEYS FOR PLAINTIFF
███████████████████.

### CERTIFICATE OF SERVICE

I certify that on July 11, 2024, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Charles A. Wallace*
Charles A. Wallace

### CERTIFICATE OF CONFERENCE

No defendant has appeared in this case, and thus, pursuant to Local Rule 7(g), undersigned counsel is unable to meet and confer with defendants or state whether this motion is opposed.

By: */s/ Charles A. Wallace*
Charles A. Wallace

### MOTION TO FILE UNDER SEAL

I certify that, in accordance with Local Rule CV-5(a)(7), a motion to seal the above document has been filed with this Court.

By: */s/ Charles A. Wallace*
Charles A. Wallace

15